UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON ALAN SMITH,

   Plaintiff,

   v.

BREMERTON POLICE DEPARTMENT, *et al*,

   Defendants.

CASE NO. 3:19-cv-5479 BHS

ORDER DISMISSING PLAINTIFF'S PROPOSED COMPLAINT WITHOUT PREJUDICE, RENOTING MOTION TO PROCEED *IN FORMA PAUPERIS*, AND TO AMEND PROPOSED COMPLAINT

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* ("IFP") and proposed complaint. *See* Dkts. 1, 1-1. Pursuant to Amended General Order 02-19, the District Court has referred plaintiff's application to the undersigned. Because plaintiff's proposed complaint fails to state a claim upon which relief can be granted, it is dismissed with leave to amend. The Court will consider plaintiff's IFP motion once plaintiff has submitted an adequate proposed complaint.

**DISCUSSION**

Plaintiff seeks to proceed IFP, and as such, his complaint is subject to *sua sponte* dismissal at any time for failure to state a claim upon which relief can be granted. *See* 28 U.S.C.

§ 1915(e)(2). However, because plaintiff is *pro se*, the Court will afford him the opportunity to amend his complaint unless it is clear that no amendment could save the complaint. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Here, plaintiff's proposed complaint lists three defendants—a police officer, the officer's supervisor, and the police department—and alleged violations of the First and Fourth Amendments and Title II of the Americans with Disabilities Act. *See* Dkt. 1-1, at 1–2. Plaintiff makes conclusory allegations that he has suffered "extensive pain and agitation, deprivation of rights, personal and property endangerment, conspiracy, cover-up" and seeks relief for "[p]olice conspiracy to cause damage to my person and property" and "[f]ailure to protect." *See* Dkt. 1-1, at 5. Under the "statement of claim," he writes "unlawful detainment, seizure, arrest," "violation of First Amendment rights by interference with recording," and "[d]eprivation of freedom of mobility and equal protection." Dkt. 1-1, at 5. This is the extent of the factual allegations in plaintiff's proposed complaint.

A complaint need not contain detailed factual allegations. *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 555 (2007). But it must contain some factual allegations and must not leave the Court to speculate about the underlying events. There must be more than labels and conclusions or the formulaic recitation of the elements of a cause of action. *Id.* The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *id.* at 570). Because here, plaintiff fails to provide anything more than labels and conclusions, plaintiff's proposed complaint fails to state a claim upon which relief can be granted.

If plaintiff wishes to proceed, he must submit a proposed complaint that adequately states the factual allegations and legal argument underlying his claims. The Court notes that it is

ORDER DISMISSING PLAINTIFF'S PROPOSED
COMPLAINT WITHOUT PREJUDICE, RENOTING
MOTION TO PROCEED IN FORMA PAUPERIS, AND
TO AMEND PROPOSED COMPLAINT - 2

unclear whether plaintiff intends to proceed under 28 U.S.C. § 1983 or otherwise. In addition to citing constitutional amendments and statutes, plaintiff should relate his factual allegations to the elements of the particular type of claim or claims that he intends to bring. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.").

The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth*, 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it states a claim upon which relief can be granted.

If plaintiff submits an adequate proposed complaint, then the Court will consider his IFP motion. The Clerk shall re-note plaintiff's motion (Dkt. 1) for consideration on **July 5, 2019**. Plaintiff shall file an amended proposed complaint no later than **July 5, 2019**. Failure to file an amended proposed complaint or otherwise respond will result in denial of his IFP motion.

Dated this 10th day of June, 2019.

J. Richard Creatura
United States Magistrate Judge

ORDER DISMISSING PLAINTIFF'S PROPOSED COMPLAINT WITHOUT PREJUDICE, RENOTING MOTION TO PROCEED IN FORMA PAUPERIS, AND TO AMEND PROPOSED COMPLAINT - 3